# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Richard Allan Siegel,** Petitioner -vs- **Yavapai County Superior Court, et al.,** Respondents | CV-08-8128-PCT-JAT (JRI) **ORDER and REPORT & RECOMMENDATION On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time of his petition in the Arizona State Prison Complex at Florence, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 4, 2008 (#5). On February 10 and 11, 2009 Respondents filed their Exhibits (#13) and Answer (#15). Petitioner filed an "Amended Reply" on March 5, 2009 (#18) and a "Motion to Supplement" on June 9, 2009 (#21).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

Petitioner plead guilty and was sentenced on December 11, 2006 by the Yavapai Superior Court to 3.5 years in prison, on charges of second degree burglary. (Petition, #5 at 1-2; Exhibit A, Docket at 1.) (Exhibits (#13) to the Answer (#15) are referenced herein as "Exhibit ___.") At the time of Sentencing, Petitioner signed a "Notice of Rights of Review"

(Exhibit B), advising him that he had 90 days to file a "Notice of Post Conviction Relief."

**B. PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Petition, #5 at 1-2; Exhibit A, Docket at 1.)

**C. PROCEEDINGS ON POST-CONVICTION RELIEF**

**1st PCR Proceeding** - Petitioner filed his first Notice of Post-Conviction Relief (Exhibit C) on September 13, 2007, arguing that his notice was untimely because he was unaware of the time limit. Petitioner did not argue any particular substantive claim. On October 18, 2007, the PCR Court summarily dismissed the proceeding as untimely and as without merit. (Exhibit D, Order 10/18/07.)

**2nd PCR Proceeding** - Petitioner filed his second Notice of Post-Conviction Relief (Exhibit E) on April 2, 2008, along with supporting letters, arguing that his notice was untimely because counsel failed to file the PCR notice. Petitioner also argued there were newly discovered material facts in the form of mitigating evidence, *i.e.* that he had been in St. Lukes Behavioral Hospital. On May 12, 2008, the PCR Court summarily denied the proceeding as untimely and as without merit. (Exhibit F, Order 5/12/08.) The Court found that the Court had been advised before sentencing of Petitioner's hospitalization and mental health condition, and thus there were no newly discovered material facts, and that Petitioner had failed to show that the failure to file a timely petition was not his fault, and thus the PCR notice was untimely.

**3rd PCR Proceeding** -Petitioner filed his third Notice of Post-Conviction Relief (Exhibit I) on May 19, 2008, arguing that his notice was untimely because there were inadequate legal resources in the prison which denied him his right of access to the courts. Petitioner also argued there were newly discovered material facts in the form of mitigating evidence, *i.e.* that he had been under psychiatric care in St. Lukes Behavioral Hospital. Petitioner also argued that he had been unable to contest the presentence report and following his arrest he was improperly released from jail without a timely appearance before a

magistrate. On June 4, 2008, the PCR Court summarily denied the proceeding as untimely and as without merit. (Exhibit J, Order 6/4/08.)

On July 11, 2008, Petitioner filed a Motion for Final Disposition (Exhibit K) arguing that he was unsure whether he had any matters still pending. The motion was denied on the basis that there were no matters pending. (Exhibit L, Order 8/18/08.)

### D. CLEMENCY PROCEEDINGS

**1st Clemency Proceeding** - On May 14, 2008, Petitioner filed a letter with the Yavapai Superior Court (Exhibit G). The Court construed this as a request for a clemency recommendation under Ariz. Rev. Stat. § 13-603(L), and denied the request on the basis that Petitioner's sentence was "not clearly excessive."

**2nd Clemency Proceeding** - In October, 2008,[1] Petitioner again filed a letter with the Yavapai Superior Court (Exhibit M), again arguing his sentence was excessive. The request was denied on the basis that a clemency recommendation under Ariz. Rev. Stat. § 13-603(L) was required to be made at the time of sentencing. (Exhibit N, Order 10/17/08.)

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (#1) on October 14, 2008. That petition was denied with leave to amend. (#4, Order 10/30/8.) On November 4, 2008, Petitioner filed his First Amended Petition (#5), asserting four grounds for relief. On screening, the Court dismissed Ground 2, 3, and 4 as failing to assert a constitutional violation, and ordered a response to Ground 1, asserting a denial of Petitioner's rights under *Miranda*.

**Answer** - On February 10, 2009, Respondents responded by filing two copies of their

---

[1] The letter was "filed" October 23, 2008, but the Order addressing was dated October 17, 2008, suggesting that the letter was not recognized as a filing until the court had ruled on it.

- 3 -

1 Exhibits (#13), but no copy of their Answer. After a deficiency notice by the Clerk of the
2 Court, Respondents filed their Answer (#15) on February 11, 2009. The undersigned
3 construes the combined Exhibits (#13) and Answer (#15) as Respondents response to the
4 Petition. Respondents argue that the Petition is untimely and Petitioner's claim is
5 unexhausted and procedurally defaulted. Apparently anticipating an equitable tolling
6 argument by Petitioner, Respondents argue that the Ninth Circuit has wrongly concluded that
7 the habeas time limits are subject to equitable tolling.

8 **Reply** - On March 5, 2009, Petitioner filed his "Amended Reply" (#18). (No original
9 reply was filed.) In his Reply, Petitioner argues that Respondents improperly identify the
10 finality date of his conviction as March 10, 2006, when he was not sentenced until some nine
11 months later on December 11, 2006. Petitioner also argues the merits of his various claims,
12 but focused mainly on those claims underlying the dismissed grounds for relief. Petitioner
13 does not address the exhaustion and procedural default issues, but does complain that he is
14 currently without legal assistance.

15 **Motion to Supplement** - On June 9, 2009, Petitioner filed a Motion to Supplement
16 (#21), again pointing out the date discrepancy in Respondents' untimeliness argument. The
17 Court granted that motion to the extent that the arguments in the motion would be considered
18 supplemental to the Reply. (Order 7/1/09, #22.)

19 **Motion to Clarify** - On October 1, 2009, Petitioner filed a Motion for Immediate
20 Release (#27), noting his release on parole. The Court construed the motion as a request for
21 the status on the case, and granted it with an explanation. (Order 10/7/09, #28.) On October
22 14, 2009, Petitioner filed his Motion to Clarify (#29), arguing that he was attempting to
23 clarify that despite his release on parole, he still considered himself in custody and requested
24 a ruling. Petitioner further argues that Respondents counsel should "be held accountable"
25 for their ignorance of the law, disrespect, and false claims in their response. Respondents did
26 not respond.
27 //
28 //

# III. APPLICATION OF LAW TO FACTS

## A. CUSTODY

Since the filing of his Petition, Petitioner has been released from prison, but remains on parole, apparently until May 5, 2010. While normally a release from custody moots a habeas petition, Petitioner's petition challenges his conviction of a crime. If a habeas petition directly challenges an underlying conviction, it is not rendered moot following a subsequent complete release from custody. The matter is not moot because even though the petitioner is no longer incarcerated, there are still other, collateral consequences that flow from the conviction itself, *e.g.* loss of civil liberties, etc.. *Lane v. Williams*, 455 U.S. 624 (1982). The existence of such collateral consequences is irrebuttably presumed. *Sibron v. New York*, 392 U.S. 40 (1968); *Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994). Accordingly, neither Petitioner's current release on parole nor his impending release from parole will moot this action.

## B. TIMELINESS

### 1. One Year Limitations Period

Respondents assert, *inter alia*, that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. 28 U.S.C. § 2244(d)(1).

### 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right"

post-conviction proceeding under Rule 32. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review. *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)). Here, Petitioner did not file any PCR petition within ninety days of his **December 11, 2006 sentence**. His first PCR notice was not filed until September 13, 2007. Accordingly, his conviction became "final" upon the expiration of that 90 day time period, making the **finality day Monday, March 12, 2007**. *See* Ariz. R. Crim. Proc. 1.3(a) (computation of time when last day is on a weekend).

### 3. Normal Expiration of Year

Based on the foregoing, the undersigned concludes that Petitioner's one year on all his claims **began running** after the expiration of his time for filing an "of right" PCR petition, on **March 13, 2007**. Barring any applicable tolling, Petitioner's limitations period would have commenced running thereafter and it **expired on March 12, 2008**, one year later.

### 4. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)). *See also Carey v. Saffold,* 536 U.S. 214, 217 (2002).

**First PCR Petition** - Here, Petitioner's first PCR Notice (Exhibit C) was filed on

September 13, 2007, while his federal limitations period was running. However, that Petition was dismissed as untimely. (Exhibit D, Order 10/18/07.) Only "properly filed" applications toll the running of the limitations period. " 28 U.S.C. § 2244(d)(2). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) the Supreme Court held "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.* at 417. Moreover, Petitioner is not entitled to equitable tolling even to the extent that the PCR court may have addressed the merits of Petitioner's claims, as part of its timeliness analysis. *Id*. Consequently, Petitioner's first PCR proceeding did not toll the running of the statute.

**Second and Third PCR Proceedings** - Similarly, Petitioner's second and third PCR proceedings were dismissed as untimely (Exhibit F, Order 5/12/08; Exhibit J, Order 6/4/08), and thus were not "properly filed" and did not result in statutory tolling. *Pace, supra*.

Moreover, those PCR notices were not filed until April 22, 2008 (Exhibit E) and May 19, 2008 (Exhibit I), after the expiration of the habeas limitations period on March 12, 2008. Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**Clemency Proceedings** - Similarly, Petitioner's clemency requests, filed May 14, 2008 (Exhibit G) and in October, 2008 (Exhibit M), were filed after the expiration of the habeas limitations period and result in no tolling.

**Summary re Statutory Tolling** - Based on the foregoing, Petitioner is not entitled to any statutory tolling, and his one year expired on March 12, 2008.

### 5. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

Respondents argue based on *Bowles v. Russell,* 551 U.S. 205 (2007), that the Ninth Circuit has wrongly concluded that equitable tolling is available under the habeas limitations period. In *Bowles*, the Court found that the general appellate time limits under 28 U.S.C. § 2107 were jurisdictional and thus not subject to exceptions on equitable grounds, even when appealing the denial of a habeas petition. Shortly after the Answer was filed, the Ninth Circuit rejected Respondents' reasoning and refused to extend *Bowles* to the time limits on original habeas petitions. *See Caldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009) (decided February 25, 2009). This Court is not free to revisit that decision.

However, Petitioner proffers no such extraordinary circumstances that prevented a timely filing. While Petitioner does complain of mental difficulties and a lack of legal resources, he asserts no argument that these were the cause of his untimeliness in filing his federal habeas petition. Accordingly, the undersigned finds no basis for equitable tolling.

### 6. Timeliness of Federal Petition

As discussed above, Petitioner's one year commenced to run on March 13, 2007, and expired on March 12, 2008. No statutory or equitable tolling has been shown to delay the running of the limitations period. Consequently, Petitioner's First Amended Petition (#5), filed November 4, 2008,[2] was almost eight months delinquent.

It is true that an amended petition may relate back to the date of filing of an original. Here, however, Petitioner's original Petition (#1) was not filed until October 14, 2008, some seven months after the expiration of his one year.

Consequently, Petitioner's Petition must be dismissed with prejudice.

---

[2] For purposes of § 2244(d), the federal prisoner "mailbox rule" applies. Under this rule, a prisoner's filings are deemed "filed" when they are delivered to prison officials for mailing. *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). Here, Petitioner's First Amended Petition (#5) is dated November 3, 2008, and his original Petition (#1) is dated October 10, 2008, indicating that neither would have been delivered for mailing until long after the expiration of the limitations period.

## C. EXHAUSTION & PROCEDURAL DEFAULT

Respondents also argue that the claims in the Petition are unexhausted and procedurally defaulted. Because the undersigned finds that the Petition is clearly time barred, this defense is not reached.

## D. SANCTIONS

Petitioner's Motion for Clarification (#28) arguably seeks censure or sanctions against Respondents' counsel. The only substantive misstep by counsel in this proceeding related by Petitioner is the reference in the Answer to Petitioner's 90 days to file his PCR notice expiring on March 10, 2006 (#15 at 4), which was before his sentencing date. Based on that error, the Answer erroneously calculates a limitations date of March 9, 2007, and rejects any statutory tolling on the basis that all Petitioner's PCR notices were filed thereafter.

The undersigned finds this to be an honest mistake. The Answer clearly identifies December 11, 2006 as the sentencing date. (#15 at 2.) Moreover, Respondents provided the state court records which plainly demonstrated the error.

To the extent that the Motion for Clarification sought censure or sanctions, it will be denied.

Petitioner also seeks clarification of the Court's reference to his release on parole, apparently out of concern that the Court would deem this to render his Petition moot. That issue has been addressed herein above and further clarification is not necessary. Accordingly, the motion will be denied in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court," or in a proceeding under 28 U.S.C.

§ 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. The undersigned finds that jurists of reason would **not** find it debatable whether the procedural ruling recommended herein is correct. Accordingly, the certificate of appealability should be denied.

# V. ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Clarification, filed October 14, 2009 (#29) is **DENIED**.

# VI. RECOMMENDATION

**IT IS THEREFORE FOR RECOMMENDED** that the Petitioner's First Amended

Petition for Writ of Habeas Corpus, filed November 4, 2008 (#5) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent this Report & Recommendation is adopted in the District Court's judgment, that a certificate of appealability **BE DENIED**.

## VII. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: April 29, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-8128-005r RR 10 04 15 rc HC.wpd